## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2015, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ian O'Keefe
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jevon Deandre Ollins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 18, 2015<br><br>Court of Appeals Case No.<br>79A02-1502-CR-76<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Randy J. Williams,<br>Judge<br><br>Trial Court Cause No.<br>79D01-1408-FC-29 |

**Baker, Judge.**

[1] Jevon Ollins appeals his sentence for Battery Resulting in Serious Bodily Injury,[1] a class C felony. Ollins argues that the trial court erred by failing to consider certain mitigating factors and that his sentence is inappropriate in light of the nature of the offense and his character. Finding no error, we affirm.

## Facts

[2] On June 11, 2014, while Ollins was incarcerated in the Tippecanoe County Jail awaiting trial for an unrelated burglary charge, he had an argument with another inmate. Nicholas Dettman, who was in the cell at the time, intervened to try to stop the two men from arguing. When he did so, Ollins punched him in the face, fracturing Dettman's jaw in two places.

[3] Dettman, not wanting to cause further trouble with Ollins, informed a jail deputy that he had fallen out of his bunk and hit his mouth against the floor. However, Dettman eventually told the deputy that someone had punched him. Dettman was taken to the hospital, where his jaw was wired shut. Dettman's jaw remained wired shut for six weeks, during which he had to take his meals in liquid form through a straw. He experienced extreme pain as the result of the incident and lost feeling in his lip for a period of time.

[4] On August 22, 2014, the State charged Ollins with class C felony battery resulting in serious bodily injury. Ollins pleaded guilty to the charge in open

---

[1] Ind. Code § 35-42-2-1. Our criminal code has recently been amended with an effective date of July 1, 2014. We cite to the statute as it existed on the date Ollins committed the offense.

court on December 11, 2014. Ollins stated that he regretted his actions and apologized profusely to Dettman as well as to the trial court. On January 8, 2015, the trial court sentenced Ollins to six years imprisonment, with four years executed, one year suspended to supervised probation, and one year suspended to unsupervised probation. The trial court ordered this sentence to run consecutively to Ollins's sentence for the unrelated burglary conviction. Ollins now appeals.

## Discussion and Decision

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). A trial court may abuse its discretion by issuing an inadequate sentencing statement, finding aggravating and mitigating factors that are not supported by the record, omitting factors that are clearly supported by the record and advanced for consideration, or by finding factors that are improper as a matter of law. *Laster v. State*, 956 N.E.2d 187, 193 (Ind. Ct. App. 2011).

Ollins first argues that the trial court failed to consider two proper mitigating factors that were advanced for consideration: (1) Ollins's expression of remorse for his actions and (2) Dettman's wishes in regard to Ollins's sentence. However, Ollins's argument is unavailing because the record makes clear that the trial court considered both of these factors.

[7] With regard to Ollins's expression of remorse, the trial court's sentencing order expressly identifies Ollins's willingness to take responsibility for his actions as a mitigating factor. Appellant's Br. p. 14. To the extent that Ollins argues that the trial court failed to give this factor sufficient weight, we note that a trial court cannot be said to have abused its discretion by failing to "properly weigh" aggravating and mitigating factors. *Anglemyer*, 868 N.E.2d at 491.

[8] With regard to Ollins's claim that the trial court failed to take Dettman's wishes into account, we first note that Dettman expressed no opinion as to what sentence he wished Ollins to receive. When asked directly what he would like to see happen to Ollins, Dettman testified: "I don't really want to be a part of what should happen to him." Tr. p. 41. Furthermore, to the extent that the trial court may have viewed this testimony as a request for lenience, it chose to give Dettman's testimony little weight. The trial court acknowledged that Dettman, as a young man in prison, likely recognized that his testimony concerning such matters could affect his reputation and, therefore, was reticent to discuss Ollins's punishment. *Id.* at 51. In short, Dettman expressed no opinion as to Ollins's sentence and, even if he had, the trial court was within its discretion to afford Dettman's opinion little weight.

[9] Ollins next argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character

of the offender." It is the defendant's burden to persuade us that his sentence is inappropriate. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011).

[10] In this case, Ollins pleaded guilty to class C felony battery resulting in serious bodily injury. "A person who commits a Class C felony . . . shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6. Here, the trial court sentenced Ollins to six years imprisonment, with four years executed and two years suspended to probation. In reviewing this sentence, we may consider the "totality of the penal consequences," including the fact that a portion of Ollins's sentence has been suspended. *Davidson v. State*, 926 N.E.2d 1023, 1024 (Ind. 2010).

[11] Ollins asks us to revise his sentence to accord with what he requested at the sentencing hearing, a five-year term with three years executed and two years suspended to probation. We note that, when reviewing sentences under Rule 7(B), the question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[12] With regard to the nature of his offense, the trial court found the fact that Ollins was in jail and on probation at the time he committed the offense to be an aggravating circumstance. Ollins acknowledges this fact and, on appeal, he points to no mitigating circumstances relating to the nature of the offense.

[13] As for his character, Ollins acknowledges that he has a substantial criminal history, consisting of eleven prior misdemeanor convictions and one felony conviction. However, he argues that "many if not all of his prior misdemeanor convictions were the result of misguided youthful behavior." Appellant's Br. p. 11. Ollins points to the fact that he was only twenty-four years old at the time he pleaded guilty to the instant offense and that he has four young children. However, he concedes that he did not advance the issue of his four young children as a mitigating factor during his sentencing hearing.

[14] We cannot say that the trial court erred in imposing an elevated sentence given these circumstances. The fact that Ollins committed the offense while incarcerated and on probation, combined with his numerous prior criminal convictions, shows that he has little respect for the law and has failed to take advantage of numerous opportunities to reform his behavior. While we acknowledge that Ollins has pleaded guilty and taken responsibility for his actions in this case, we agree with the trial court that this does not outweigh the substantial aggravating factors. Furthermore, while Ollins is a young man, he is nevertheless an adult, and his behavior, misguided as it is, has proven a danger to the safety of others. As for the length of his sentence, we note that the trial court has not imposed the maximum term authorized by statute and that the executed portion of the term accords with the advisory sentence of four years. We cannot say that this sentence is inappropriate under the circumstances.

The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.